1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

11

12

13

ROBERT W. MONSTER, an individual, and
ANONYMIZE, INC., a Washington
corporation,

Case No. 2:21-cv-1177

**COMPLAINT FOR
DECLARATORY RELIEF**

14

Plaintiffs,

**JURY DEMAND**

15

v.

16

CREATD, INC., a Nevada corporation,

17

Defendant.

18

19

20

21

22

23

24

25

26

27

28

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Plaintiffs Robert W. Monster, an individual, and Anonymize, Inc., a Washington corporation, allege for their complaint against Defendant Creatd, Inc., a Nevada corporation, on personal knowledge as to Plaintiffs' own activities and on information and belief as to the activities of others, as follows:

## I. Nature of the Controversy

1.      This is an action for Declaratory Judgment under 28 U.S.C. § 2201 that Plaintiffs' registration and use of the internet domain name VOCL.COM (the "Domain Name") does not violate Defendant's rights under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), or otherwise under the Lanham Act, 15 U.S.C. § 1051 et seq.

2.      The Domain Name has been locked by the registrar, Epik.com, and is at immediate risk of being transferred away from Plaintiffs by, and as a result of, the actions of Defendant, which claims trademark rights and certain other rights with respect to the term and the domain name VOCL.COM. Plaintiffs seeks a determination by this Court that the Plaintiffs' registration and/or use of VOCL.COM is not, and has not been in violation of the ACPA, and that Plaintiffs' use of VOCL.COM constitutes neither a violation of the ACPA nor trademark infringement or dilution under the Lanham Act.

## II. Parties

3.      Plaintiff Robert W. Monster is an individual residing in King County, Washington. Monster registered the domain name VOCL.COM with the domain-name registrar Epik Inc., which has its principal place of business in Bellevue, Washington. Monster is Epik's CEO.

4.      Plaintiff Anonymize, Inc. is a Washington corporation with its principal place of business in Sammamish, Washington. Anonymize is Epik's privacy service for domain-name registrations and is listed as the owner of record for the Domain Name. Monster is the CEO of Anonymize.

COMPLAINT - 2
[Case No.: 2:21-cv-1177]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

5.     On information and belief, Defendant Creatd, Inc. is a Nevada corporation with its principal place of business in Nevada. Creatd operates a social-media platform named "Vocal" located at the domain name vocal.media. Creatd purports to hold a U.S. trademark registration for "VOCAL", Reg. No. 5,438,308.

## III. Jurisdiction and Venue

6.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the causes of action arise under federal law. Plaintiffs seek a declaration, under 15 U.S.C. § 1114(2)(D)(v) and 28 U.S.C. § 2201, that their registration and use of the Domain Name does not violate Defendant's claimed trademark rights.

7.     This Court has personal jurisdiction over Defendant as it has consented to jurisdiction by this Court in Paragraph IX of their complaint with the World Intellectual Property Organization (WIPO) in accordance with Paragraph 3(b)(xii) of the Uniform Domain Dispute Resolution Policy (UDRP) of the International Committee of Assigned Names and Numbers (ICANN).

8.     Venue in this Court exists as the registrar of the Domain Name, Epik Inc., has its primary office in Bellevue, Washington, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District.

## IV. Factual Background

9.     This case involves "reverse domain name hijacking," which occurs when an individual or an entity alleges that it is the owner of a trademark, and asserts spurious claims of trademark infringement against the owner of a domain name which is similar or identical to the registered trademark. Defendant is attempting to wrest control of Plaintiffs' Domain Name by asserting baseless allegations of trademark infringement, dilution, and cybersquatting.

10.     The domain name VOCL.COM was first registered in 2000.

COMPLAINT - 3
[Case No.: 2:21-cv-1177]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

11.   From then until March 2021, it was used primarily as a parking page, meaning that it was used to display advertisements to generate revenue.

12.   In September 2020, the Domain Name was sold by its previous owner to Ashwin Vikhona. Anonymize's privacy service was listed as the owner of record because it held the Domain Name on Mr. Vikhona's behalf.

13.   On or about March 7, 2021, representatives of Mike Lindell, the CEO of MyPillow, contacted Epik and Anonymize seeking to purchase the Domain Name.

14.   Mr. Lindell intended to use the Domain Name in connection with a new social-media service with an emphasis on free speech that he intended to call "VOCL." None of Mr. Monster, Anonymize, or Epik ever had any involvement in Mr. Lindell's business plans or his intended use of the Domain Name.

15.   At the time, Mr. Monster, Anonymize, and Epik had never heard of Defendant Creatd, its social-media site at vocal.media, or its claimed trademark.

16.   Mr. Monster negotiated a $40,000 purchase price for the Domain Name on behalf of Mr. Vikhona.

17.   On March 9, 2020, Mr. Lindell's representatives forwarded $40,000 to Epik's escrow account while his team continued to do due diligence. The funds were distributed to Mr. Vikhona (as seller) and Epik (as broker).

18.   Following receipt of the funds, the Domain Name would have been automatically unlocked for Mr. Lindell's use. At or around this time, Mr. Lindell's representatives published a website at the Domain Name with a "Coming Soon" banner and a link to another of Mr. Lindell's websites.

19.   Throughout this transaction, the Domain Name continued to be publicly held by Anonymize as the listed owner, despite the change to its beneficial owner.

20.   The same day, Mr. Lindell filed a U.S. trademark application for the word mark "VOCL" and shortly thereafter announced to media outlets that his planned new social-media service would be named "VOCL."

21.   On or about March 11, 2021, according to Defendant Creatd, it sent a cease-

COMPLAINT - 4
[Case No.: 2:21-cv-1177]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1  and-desist letter to Mr. Lindell, claiming that Lindell's announcement of plans to use the

2  term "vocl" in connection with a social-media platform "appears to be made with the

3  intent to trade on the goodwill associated with Creatd's 'Vocal' mark" and "creates the

4  false impression that your services originate from Creatd, or that Creatd is somehow

5  connected or associated with your services, so as to deceive customers or to cause

6  confusion or mistake as to the origin or affiliation of your and Creatd's services."

7      22.   Defendant's cease-and-desist letter further claimed that Mr. Lindell's

8  prospective use of "vocl" would "dilute the distinctive quality of the Creatd's famous

9  'Vocal' mark" and that the "attempted association of Creatd's trademark with [Lindell's

10  planned] services will blur the distinctive character and tarnish the reputation of Creatd's

11  registered trademark."

12     23.   Defendant's cease-and-desist letter concluded that Mr. Lindell's plan to

13  launch a social-media site using the Domain Name constituted "willful trademark

14  infringement, false designation of origin, trademark dilution, and cyberpiracy" in

15  violation of the Lanham Act.

16     24.   The following day, March 12, 2021, Mr. Lindell announced that he would not

17  be using the VOCL name, but would instead launch his planned social-media site under a

18  different name and using a different domain name.

19     25.   Following Mr. Lindell's announcement of the name change, his

20  representatives notified Epik that they wished to cancel the purchase of the Domain

21  Name. But the transaction had already consummated and the purchase price and broker

22  commission had already been distributed.

23     26.   As a result of Mr. Lindell's changed plans, the Domain Name no longer held

24  value for him, so he sought to sell it.

25     27.   Following Mr. Lindell's public abandonment of his intention to use the

26  Domain Name in connection with a social-media platform, it was clear to Mr. Monster

27  that the Domain Name would not be used in a manner that competed with Defendant's

28  social-media site or risked tarnishing or diluting Defendant's alleged mark.

COMPLAINT - 5
[Case No.: 2:21-cv-1177]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

28.   Because Mr. Lindell was no longer planning to use it, on March 13, 2021, Mr. Monster offered to purchase it for $10,000, which is how the Domain Name came to be in Mr. Monster's name.

29.   Thus, for a total of three days in March 2021, the Domain Name was registered to Mr. Lindell behind the Anonymize privacy service.

30.   Although Mr. Monster was aware at the time of his purchase of the Domain Name of the potential dispute between Defendant and Mr. Lindell regarding Mr. Lindell's then-planned use of the Domain Name, he did not believe it would affect his ownership or use, as Mr. Monster had no plans to use it for a social-media site or in any way that would be associated with Defendant or its social-media site or alleged trademark.

31.   Additionally, given the 20-year history of the Domain Name, Mr. Monster believed that it had accrued legitimate rights. In particular, the Domain Name had shown a landing page for several years. That is, the initial registrant and all subsequent registrants had all passively held the Domain Name for the bona fide and legitimate purpose of offering the Domain Name itself.

32.   When Mr. Monster acquired the Domain Name, he intended to use it in essentially the same way as it had been used during that time. This use long predated Defendant's claimed rights in its VOCAL mark.

33.   Thus, following Mr. Monster's acquisition of the Domain Name in March 2021, it returned to the same legitimate purpose and use that it had enjoyed for more than twenty years prior to Mr. Lindell's brief, tentative, and aborted involvement.

34.   On April 6, 2021, Defendant filed a Complaint with WIPO against Anonymize as the owner of the Domain Name, initiating an arbitration proceeding against in accordance with the Uniform Domain Name Dispute Resolution Policy ("UDRP") adopted by the Internet Corporation for Assigned Names and Numbers ("ICANN"), alleging that it was infringing on and diluting Defendant's trademark for "vocal".

35.   WIPO accepted the Complaint and the registrar, Epik, locked the Domain Name pursuant to the UDRP rules. The Complaint was subsequently amended to

COMPLAINT - 6
[Case No.: 2:21-cv-1177]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1   identify Mr. Monster as the beneficial owner of the Domain Name.

2      36.   On August 16, 2021, the WIPO panelist assigned to the case rendered a

3   decision requiring the transfer of the domain name to Defendant. (WIPO case No.

4   D2021-1050). As of the date of the filing of this complaint, the Domain Name continues

5   to be "locked" pending the transfer of the registration to the Defendant pursuant to the

6   UDRP decision.

7      37.   The WIPO panelist's decision requires transfer of the Domain Name despite a

8   lack of evidence that it was registered or used in bad faith. The decision even

9   acknowledges the lack of evidence of bad faith, noting that none of Plaintiffs' actions "fit

10   easily in the specific examples of bad faith" provided under the UDRP rules.

11      38.   Specifically, the WIPO decision includes express findings that there is: (1) no

12   evidence that Plaintiffs "ever offered to sell the disputed domain name" to Defendant,

13   (2) no evidence that Plaintiffs "acquired the disputed domain name to prevent

14   [Defendant] from having it, (3) no evidence that Plaintiffs "acquired the disputed domain

15   name with an intent to disrupt [Defendant's] business," and (4)  no evidence that

16   Plaintiffs "intended to attract consumers by confusing them about their relationship with

17   [Defendant's alleged] mark."

18      39.   Despite this acknowledged lack of evidence of bad faith, the WIPO panelist

19   improperly speculated that Plaintiffs purchased the Domain Name from Mr. Lindell with

20   the "hopes of selling it to one of the other VOCL trademark owners" and "may have"

21   registered it "with the hopes of selling it to [Defendant] who already had publicly

22   expressed it [sic] strong desire to acquire the disputed domain name…"

23      40.   Based on these false assumptions, and despite a lack of any actual evidence of

24   bad faith, the WIPO panelist concluded that "based on a holistic assessment of all of the

25   evidence" in the case, Plaintiffs did act in bad faith.

26      41.   The panelist further speculated that Mr. Monster's purchase of the Domain

27   Name for significantly less than the amount Mr. Lindell had paid for it only a few days

28   earlier supported "an inference that" they were "attempting to cleanse the bad faith that

COMPLAINT - 7
[Case No.: 2:21-cv-1177]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1   was attached to the disputed domain name by changing the ownership of the disputed

2   domain name." The decision doesn't offer any explanation as to why Mr. Lindell's

3   decision not to use the name VOCL doesn't, by itself, completely explain the decreased

4   value of the Domain Name to him.

5          42.   In sum, there was no valid basis for the panelist to conclude that Plaintiffs

6   registered or used the Domain Name in bad faith—which they did not—and the WIPO

7   decision was improper for that reason alone.

8          43.   At no time did Plaintiffs trade upon or use Defendant's alleged trademark for

9   the business of monetizing domain names or any other purpose.

10         44.   At no time did Plaintiff register or use the domain name VOCL.COM in "bad

11   faith" as defined by 15 U.S.C. § 1125.

12         45.   Due to the impending transfer of the Domain Name to the Defendant

13   pursuant to the decision by the WIPO Panel, Plaintiffs are now forced to bring this action

14   to protect their rights. Plaintiffs have had to retain counsel and to incur substantial fees

15   and costs to bring this suit.

16         46.   Because WIPO has directed that the VOCL.COM domain name be transferred

17   to Defendant, this Court has jurisdiction under 15 U.S.C. §1114(2)(D)(v) to determine

18   whether Plaintiffs' registration and use of VOCL.COM is unlawful under the ACPA and

19   the Lanham Act.

20         47.   Based on the facts set forth herein, an actual controversy has arisen and now

21   exists between Plaintiffs and Defendant regarding whether or not Plaintiffs' use of the

22   term VOCL.COM as a domain name infringes Defendant's trademark or constitutes

23   trademark dilution or can serve as the basis for any relief under any Federal or state law.

24         48.   Plaintiffs has never sold, transferred, or trafficked in the Domain Name.

25         49.   At all times, Plaintiffs utilized the Domain Name in a bona fide manner for

26   bona fide purposes.

27         50.   Plaintiffs have never had any intent to divert consumers from Defendant's

28   online location to a site accessible under the Domain Name that could harm the goodwill

COMPLAINT - 8
[Case No.: 2:21-cv-1177]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1    represented by the mark, nor did they do so, either for commercial gain or with the intent

2    to tarnish or disparage Defendant's alleged mark, by creating a likelihood of confusion as

3    to the source, sponsorship, affiliation, or endorsement of the site.

4         51.    Plaintiffs' use of the Domain Name has been lawful, and has not infringed

5    upon the mark of the Defendant.

6         52.    Plaintiffs did not provide material and misleading false contact information

7    when applying for the registration of the Domain Name.

8         53.    Plaintiffs did not fail to maintain accurate contact information with respect to

9    the Domain Name or with respect to any other domain name.

10        54.    Plaintiffs' use of VOCL.COM is a fair or otherwise lawful use of the term.

11   Under the ACPA, the trademark owner has the burden of proof that the domain-name

12   registrant used, registered, or trafficked in the domain name with the bad-faith intent to

13   profit from the trademark. 15 U.S.C. §1125(d)(1)(A). As none of the links on the

14   VOCL.COM parked page target the Defendant's alleged trademark, the use of the

15   Domain Name was lawful.

16        55.    Because of the actions of Defendant, and its claims of trademark infringement

17   and dilution, Plaintiffs faces losing valuable rights in the Internet domain name.

18

19                          **V. First Cause of Action**
                      **Declaratory Relief – 28 U.S.C. § 2201**
20   **No Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)**

21        56.    An actual controversy exists about whether Plaintiffs should be entitled to the

22   domain name VOCL.COM under the Anticybersquatting Consumer Protection Act, 15

23   U.S.C. § 1125(d).

24        57.    The Anticybersquatting Consumer Protection Act provides a cause of action

25   for a registrant whose domain name has been suspended, disabled, or transferred under

26   which the registrant may sue for a declaration that the registrant is not in violation of the

27   ACPA and for injunctive relief, including the reactivation of the domain name.

28        58.    Under 15 U.S.C. §1114(2)(D)(v), a registrant who is threatened with the loss

COMPLAINT - 9
[Case No.: 2:21-cv-1177]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1  of their domain name under the UDRP is provided with a cause of action to seek an

2  injunction returning the domain name if the registrant can show that the registrant is in

3  compliance with the ACPA.

4      59.    Defendant does not have any exclusive use of the mark nor did it have such a

5  right at the time Plaintiff registered the Domain Name.

6      60.    Plaintiffs did not register the Domain Name with the bad-faith intent to profit

7  from the goodwill of Defendant's trademark, as "bad faith" is defined in the ACPA.

8      61.    Plaintiff is entitled to have the unencumbered use of the domain name

9  VOCL.COM and to have all suspensions or transfers of the Domain Name terminated

10  and prohibited.

11      62.    As a direct and proximate result of Defendant's allegations to WIPO, Plaintiff

12  has been and will continue to be damaged through his inability to use the Domain Name.

13      63.    Unless this Court issues a Declaratory Judgment that Plaintiff is entitled to

14  maintain registration of the domain name VOCL.COM, the transfer of the Domain Name

15  to Defendant will damage Plaintiff irreparably. Plaintiff has no adequate remedy at law.

16      64.    Defendant's acts make this an exceptional case under 15 U.S.C. §1117(a), and

17  Plaintiff is thus entitled to an award of attorney's fees and costs.

18

19

20

21

22

23

24

25

26

27

28

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

## VI. Second Cause of Action
### Declaratory Relief – 28 U.S.C. § 2201
### No Violation of Lanham Act, 15 U.S.C. § 1114(a)

65. An actual controversy exists about whether Plaintiffs should be entitled to the domain name VOCL.COM under the Lanham Act.

66. Plaintiffs' and Defendant's legal interests are adverse and create a present threat of litigation.

67. Plaintiffs' use of the Domain Name is not likely to cause confusion or mistake, or deceive as to the affiliation, connection, or association of Plaintiffs with Defendant, or as to the origin, sponsorship, or approval of Defendant.

68. Defendant's acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiffs are thus entitled to an award of attorney's fees and costs.

## VII. Third Cause of Action
### Declaratory Relief – 28 U.S.C. § 2201
### No Trademark Dilution of Lanham Act, 15 U.S.C. § 1114(a)

69. An actual controversy exists about whether Plaintiffs should be entitled to the domain name VOCL.COM under the Lanham Act.

70. Plaintiffs' and Defendant's legal interests are adverse and create a present threat of litigation.

71. Defendant's alleged mark does not qualify for protection against trademark dilution or tarnishment, as it does not qualify as a "famous mark" as that term is used in 15 U.S.C. § 1125(c)(1).

72. Additionally, Plaintiffs' registration and use of the Domain Name is not likely to cause dilution by blurring because there is no risk of an association arising from the similarity of the Domain Name and Defendant's alleged mark that impairs the distinctiveness of Defendant's alleged mark.

73. Additionally, Plaintiffs' registration and use of the Domain Name is not likely to cause dilution by tarnishment because there is no risk of an association arising from the

COMPLAINT - 11
[Case No.: 2:21-cv-1177]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1   similarity of the Domain Name and Defendant's alleged mark that would harm the

2   reputation of Defendant's alleged mark.

3       74.   Plaintiffs' registration and use of the Domain Name is a fair use under 15

4   U.S.C. § 1125(c)(3)(A) which is not actionable as dilution by blurring or dilution by

5   tarnishment.

6       75.   Defendant's acts make this an exceptional case under 15 U.S.C. § 1117(a), and

7   Plaintiffs are thus entitled to an award of attorney's fees and costs.

8                          **VIII. Prayer for Relief**

9       Plaintiffs Robert W. Monster and Anonymize, Inc. respectfully request the

10  following relief:

11      1.    An order directing the domain-name registrar, Epik Inc., to take all action

12            necessary to enable the domain name VOCL.COM; to reactivate the Domain

13            Name; to discontinue any suspension of the Domain Name; and to refrain

14            from transferring the Domain Name from Plaintiff to Defendant;

15      2.    A judgment declaring that Plaintiff's registration and use of the domain name

16            VOCL.COM neither infringes Defendant's trademark, nor dilutes the

17            trademark in any manner, nor constitutes a violation of any Federal or State

18            law;

19      3.    A judgment declaring that Plaintiffs may continue to use and enjoy the domain

20            name VOCL.COM without interference of any type by the Defendant;

21      4.    A judgment, order, or injunction enjoining Defendant from interfering with or

22            challenging Plaintiffs' registration, possession, or use of the domain name

23            VOCL.COM;

24      5.    A judicial declaration that this is an exceptional case under the Lanham Act

25            because Defendant initiated the UDRP with the bad-faith intent to use the

26            legal system to steal the Domain Name from Plaintiffs;

27      6.    An award of Plaintiffs' reasonable attorney's fees and costs incurred in

28            bringing this action; and

COMPLAINT - 12
[Case No.: 2:21-cv-1177]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

7. Such other, further, and different relief as the Court may deem just and proper under the circumstances.

Dated:      August 30, 2021              Respectfully Submitted,

**NEWMAN DU WORS LLP**

s/ Derek Linke
s/ Derek A. Newman
Derek Linke, WSBA No. 38314
*linke@newmanlaw.com*
Derek A. Newman, WSBA No. 26967
*dn@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2800


s/ Daniel R. Prince
Daniel R. Prince, WSBA No. 48709
*danielprince@epik.com*
2020 Maltby Rd. Ste 7 #412
Bothell, WA 98021
Telephone: (206) 289-0665

Attorneys for Plaintiffs
Robert W. Monster and Anonymize, Inc.

COMPLAINT - 13
[Case No.: 2:21-cv-1177]

**NEWMAN DU WORS LLP**

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**Demand for Jury Trial**

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Anonymize,

Inc. and Robert W. Monster respectfully request a trial by jury of all issues so triable.

Dated:        August 30, 2021            Respectfully Submitted,

**NEWMAN DU WORS LLP**

s/ Derek Linke
s/ Derek A. Newman
Derek Linke, WSBA No. 38314
*linke@newmanlaw.com*
Derek A. Newman, WSBA No. 26967
*dn@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2800


s/ Daniel R. Prince
Daniel R. Prince, WSBA No. 48709
*danielprince@epik.com*
2020 Maltby Rd. Ste 7 #412
Bothell, WA 98021
Telephone: (206) 289-0665

Attorneys for Plaintiffs
Robert W. Monster and Anonymize, Inc.

COMPLAINT - 14
[Case No.: 2:21-cv-1177]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800