The Honorable Thomas Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT W. MONSTER, an individual, and ANONYMIZE, INC., a Washington corporation, | Case No.: 2:21-cv-1177 |
| Plaintiffs, Counter-Defendants, | |
| vs. | DEFENDANT'S ANSWER AND COUNTERCLAIMS |
| CREATD, INC., a Nevada corporation, | |
| Defendant, Third-Party Plaintiff, | |
| vs. | |
| EPIK HOLDINGS, Inc, a Washington corporation, | |
| Thid-Party Defendant. | |

Defendant Creatd, Inc. hereby answers the Complaint of Plaintiffs, paragraph by paragraph; and is followed by Defendant's Counterclaims.

DEFENDANT'S ANSWER AND COUNTERCLAIMS -1
(2:21-CV-1177)

LUCOSKY BROOKMAN LLP
1455 NW Leary way, Suite 400
Seattle, WA 98107
(206) 858-9400  Fax (206) 858-8201

## I.  Nature of Controversy

1. Defendant, without admitting such action is anything more than frivolous, admits that this action is notionally for Declaratory Judgement under 28 U.S.C §2201. Creatd denies the remainder of the allegations in paragraph 1.

2. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 2, and therefore denies same. Defendant admits the second sentence of paragraph 2.

## II.  Parties

3. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 3, and therefore denies same.

4. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 4, and therefore denies same.

5. Defendant admits that it is a Nevada Corporation. Defendant denies the remainder of the allegations in paragraph 5.

## III.  Jurisdiction and Venue

6. Defendant admits the allegations of paragraph 6.

7. Defendant admits the allegations of paragraph 7.

8. Defendant admits the allegation of paragraph 8.

DEFENDANT'S ANSWER AND COUNTERCLAIMS -2
(2:21-CV-1177)

LUCOSKY BROOKMAN LLP
1455 NW Leary way, Suite 400
Seattle, WA 98107
(206) 858-9400  Fax (206) 858-8201

### IV.     Factual Background

9. Defendant admits the first sentence of paragraph. Defendant denies the second sentence of paragraph 9.

10. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 10, and therefore denies same.

11. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 11, and therefore denies same.

12. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 12, and therefore denies same.

13. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 13, and therefore denies same.

14. Defendant denies the allegations of paragraph 14.

15. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 15, and therefore denies same.

16. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 16, and therefore denies same.

17. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 17, and therefore denies same.

18. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 18, and therefore denies same.

DEFENDANT'S ANSWER AND COUNTERCLAIMS -3
(2:21-CV-1177)

LUCOSKY BROOKMAN LLP
1455 NW Leary way, Suite 400
Seattle, WA 98107
(206) 858-9400  Fax (206) 858-8201

19. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 19, and therefore denies same.

20. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 20, and therefore denies same.

21. Defendant admits the allegations of paragraph 21.

22. Defendant admits the allegations of paragraph 22.

23. Defendant admits the allegations of paragraph 23.

24. Defendant admits the allegations of paragraph 24.

25. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 25, and therefore denies same.

26. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 26, and therefore denies same.

27. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 27, and therefore denies same.

28. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 28, and therefore denies same.

29. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 29, and therefore denies same.

30. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 30, and therefore denies same.

31. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 31, and therefore denies same.

DEFENDANT'S ANSWER AND COUNTERCLAIMS -4
(2:21-CV-1177)

LUCOSKY BROOKMAN LLP
1455 NW Leary way, Suite 400
Seattle, WA 98107
(206) 858-9400  Fax (206) 858-8201

32. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 32, and therefore denies same.

33. Defendants deny paragraph 33.

34. Defendant admits the allegations of paragraph 34.

35. Defendant admits the allegations of paragraph 35.

36. Defendant admits the first sentence of paragraph 36. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the remainder of the allegation in paragraph 36, and therefore denies same.

37. Defendants admits that the WIPO panelist found in favor of the Defendant and required transfer of the Domain Name. Defendants denies the remainder of paragraph 37.

38. Defendant denies the allegation of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

43. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 43, and therefore denies same.

44. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 44, and therefore denies same.

45. Defendant denies the allegations of paragraph 45.

46. Defendant admits that this Court has jurisdiction.  The Defendant denies the remainder of the allegations in paragraph 46.

DEFENDANT'S ANSWER AND COUNTERCLAIMS -5
(2:21-CV-1177)

LUCOSKY BROOKMAN LLP
1455 NW Leary way, Suite 400
Seattle, WA 98107
(206) 858-9400  Fax (206) 858-8201

47. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 47, and therefore denies same.

48. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 48, and therefore denies same.

49. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 49, and therefore denies same.

50. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 50, and therefore denies same.

51. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 51, and therefore denies same.

52. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 52, and therefore denies same.

53. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 53, and therefore denies same.

54. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 54, and therefore denies same.

55. Defendant denies the allegation of paragraph 55.

### V.    First Cause of Action
### Declaratory Relief – 28 USC §2201
### No Violation of Anticybersquatting Consumer Protection Act, 15 USC §1125(d)

56. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 56, and therefore denies same.

57. Defendant admits the allegations of paragraph 57.

DEFENDANT'S ANSWER AND COUNTERCLAIMS -6
(2:21-CV-1177)

LUCOSKY BROOKMAN LLP
1455 NW Leary way, Suite 400
Seattle, WA 98107
(206) 858-9400  Fax (206) 858-8201

58. Defendant admits the allegations of paragraph 58.

59. Defendant denies the allegations of paragraph 59.

60. Defendant denies the allegations of paragraph 60.

61. Defendant denies the allegations of paragraph 61.

62. Defendant denies the allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63.

64. Defendant denies the allegations of paragraph 64.

### VI.   Second Cause of Action
### Declaratory Relief – 28 USC §2201
### No Violation of Lanham Act, 15 USC §1125(d)

65. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 65, and therefore denies same.

66. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 66, and therefore denies same.

67. Defendant denies the allegations of paragraph 67.

68. Defendant denies the allegations of paragraph 68.

### VII.   Second Cause of Action
### Declaratory Relief – 28 USC §2201
### No Violation of Lanham Act, 15 USC §1125(d)

69. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 69, and therefore denies same.

70. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegation in paragraph 70, and therefore denies same.

71. Defendant denies the allegations of paragraph 71.

DEFENDANT'S ANSWER AND COUNTERCLAIMS -7  
(2:21-CV-1177)

LUCOSKY BROOKMAN LLP  
1455 NW Leary way, Suite 400  
Seattle, WA 98107  
(206) 858-9400  Fax (206) 858-8201

72. Defendant denies the allegations of paragraph 72.

73. Defendant denies the allegations of paragraph 73.

74. Defendant denies the allegations of paragraph 74.

## VIII.
## IX.   GENERAL DENIAL

75. To the extent not addressed above, any and all further allegations are hereby denied in their entirety.

## COUNTERCLAIMS

1. This action stems from an appeal from an Administrative Panel Decision, Case No. D2021-1050, <u>Creatd, Inc. v. Privacy Administrator, Anonymize, Inc. / Robert Monster,</u> attached hereto as Exhibit A. ("UDPR Proceeding")

## PARTIES

**2.** Third-Party Plaintiff, Creatd, Inc. ("Creatd") is a corporation organized under the laws of the State of Nevada with its principal place of business in New York, New York.

3. Upon information and belief, Counter-Defendant Robert W. Monster ("Monster") is an individual residing in King County, Washington.

4. Upon Information and belief, Counter-Defendant Anonymize, Inc. ("Anonymize") is a corporation organized under the laws of the State of Washington with a primary place of business in Sammamish, Washington.

5. Upon information and belief, Epik Holdings, Inc.("Epik") is a Washington corporation with principal place of business in Sammamish, Washington.

DEFENDANT'S ANSWER AND COUNTERCLAIMS -8
(2:21-CV-1177)

LUCOSKY BROOKMAN LLP
1455 NW Leary way, Suite 400
Seattle, WA 98107
(206) 858-9400  Fax (206) 858-8201

# FACTS

6. Creatd is the owner of the trademark "Vocal", US Registration No.5438308. A true and accurate copy of the USPTO registration certificate is attached hereto as Exhibit B.

7. On or about March 9, 2021, Mr. Lindell, CEO of My Pillow, and a known far-right, political extremist, submitted a trademark application for the trademark "VOCL". That trademark was to be used to commercialize a social media platform to propagate far-right, extremist views.

8. On or about March 11, 2021, Creatd discovered Mr. Lindell was in the process of launching a social media platform at the domain name "Vocl.com" ("Domain Name"); and sent to Mr. Lindell a cease-and-desist letter, attached hereto as Exhibit C. In that cease-and-desist letter, among other remedies, Creatd demanded the Domain Name be immediately transferred to it.

9. Although, publicly, Mr. Lindell appeared to abandon the idea of using the Domain Name to launch his social media site, he neither transferred the Domain Name to Creatd; or abandoned his trademark application.

10. Concerned that Mr. Lindell may still make use of the Domain Name, even as a pointer to another domain name, Created filed a UDRP complaint with the World Intellectual Property Organization ("WIPO").

11. Epik, as a registrar of domain names, is required, contractually, to abide by the rule of the Internet Corporation for Assigned Names and Numbers ("ICANN"). As such, it must act as a neutral in domain name disputes.

12. Epik is the registrar of the Domain Name.

DEFENDANT'S ANSWER AND COUNTERCLAIMS -9
(2:21-CV-1177)

LUCOSKY BROOKMAN LLP
1455 NW Leary way, Suite 400
Seattle, WA 98107
(206) 858-9400  Fax (206) 858-8201

13. In response to Creatd's complaint, in the UDRP Proceeding, Monster, the CEO of Epik, on behalf of Epik, and under oath, claimed that the owner of the Domain Name was Anonymize and that Anonymize had owned the Domain Name continuously since September 2020.

14. After the panelist in the URDP Proceeding asked for clarification, Monster, on behalf of Epik, and under oath, claimed that Monster was the owner of the Domain Name and had been the owner since 2000.

15. Later, Monster, under oath, claimed that Monster had acquired the Domain Name in March 2021 from Mr. Lindell.

16. Monster is the CEO of Epik; and is described, by his counsel, as the "governor" and "head" of the Epik's subsidiary, Anonymize, a privacy shield. This close relationship among the parties creates inherent conflict of interest. Monster as the CEO of Epik has the unique ability to obscure the accurate ownership record of the domain names of which Epik serves as registrar.

17. Monster, under oath, stated that he acquired the domain only after receiving knowledge of Creatd's allegations of infringement and the possibility that it would be the subject of an UDRP Complaint or other judicial proceeding.

18. The panelist in the UDRP Proceeding found that the information provided by Monster and Anonymize was "designed to improve *[Monster]*'s prospects for success in this proceeding." The panelist in the UDRP Proceeding also found inconsistencies in the documentary materials submitted.

19. Epik was hacked on out about September 21, 2021. The hack revealed that Epik, led by Monster, has been the favorite Internet company of the far right, providing domain services to QAnon theorists, Proud Boys, and other instigators of the Jan. 6 attack on the U.S. Capitol; allowing them to broadcast hateful messages from behind a veil of anonymity. Creatd is harmed because the Domain Name is associated with right-wing extremist.

DEFENDANT'S ANSWER AND COUNTERCLAIMS -10
(2:21-CV-1177)

LUCOSKY BROOKMAN LLP
1455 NW Leary way, Suite 400
Seattle, WA 98107
(206) 858-9400  Fax (206) 858-8201

## I. FIRST CAUSE OF ACTION
## UNFAIR DECEPTIVE ACT OR PRACTVE
## RCW 19.86.093

20. The Third-Party Plaintiff repeats, re-alleges, and incorporates all the above allegations.

21. Upon information and belief, the Third-Party Defendant Epik, Counter-Defendant Monster, and Counter-Defendant Anonymize (collectively, the "Monster parties") have conspired to rid the Domain Name of the taint of infringement on its own behalf or on behalf of a third-party.

22. Because of the foregoing, Creatd has already suffered a loss of business proceeds in an amount to be determined at trial, but in no event less than $1 million.

## II. SECOND CAUSE OF ACTION
## CONVERSION

23. The Counter- Plaintiff repeats, re-alleges, and incorporates all the above allegations.

24. The Monster Parties have unlawfully converted Creatd's intellectual property through trademark infringement.

25. Created has an immediate superior right of possession in the converted intellectual property.

26. The Monster Parties have exercised unauthorized dominion over the converted intellectual property to the exclusion of Creatd's right.

27. The Monster parties taking of such property, and the failure to return or cease exercising unauthorized dominion over the same, constitutes conversion.

28. Because of the foregoing, Created has already suffered a loss of business proceeds in an amount to be determined at trial, but in no event less than $1 million.

29. In addition to money damages, Created is entitled to a permanent injunction.

DEFENDANT'S ANSWER AND COUNTERCLAIMS -11
(2:21-CV-1177)

LUCOSKY BROOKMAN LLP
1455 NW Leary way, Suite 400
Seattle, WA 98107
(206) 858-9400  Fax (206) 858-8201

30. Punitive damages in the amount of $3 million should also be awarded in that the Monster Parties' conduct was intentional, malicious, and morally culpable and/or displayed wanton dishonesty implying a criminal indifference to their civil obligations.

### III. THIRD CAUSE OF ACTION
### UNFAIR COMPETITION

31. The Third-Party Plaintiff repeats, re-alleges, and incorporates all the above allegations.

32. The Monster Parties have unlawfully been unfairly competing with Creatd through infringing on Creatd's trademarked intellectual property.

33. The Monster Parties continue to conduct unfair competition by using Creatd's infringed upon intellectual property to raid, steal, and misappropriate Creatd's clients.

34. Even absent an enforceable agreement, the misappropriation and exploitation of Creatd's infringed upon intellectual property and the improper use of this information is actionable as unfair competition.

35. The Monster parties have behaved in a corrupt and intentional manner by using Creatd's infringed upon intellectual property, converting its clients, as well as Creatd's goodwill.

36. The Monster Parties continue to use Creatd's infringed upon intellectual property to the detriment of Created.

37. Because of the foregoing, Created has already suffered a loss of business proceeds in an amount to be determined at trial, but in no event less than $1 million.

38. In addition to money damages, Creatd is entitled to a permanent injunction.

39. Punitive damages in the amount of $3 million should also be awarded in that the Monster Parties' conduct was intentional, malicious, and morally culpable and/or displayed wanton dishonesty implying a criminal indifference to their civil obligations.

DEFENDANT'S ANSWER AND COUNTERCLAIMS -12
(2:21-CV-1177)

LUCOSKY BROOKMAN LLP
1455 NW Leary way, Suite 400
Seattle, WA 98107
(206) 858-9400  Fax (206) 858-8201

## IV.   FOURTH CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH
## CURRENT OR PROSPECTIVE BUSINESS RELATIONS

40. The Third-Party Plaintiff repeats, re-alleges, and incorporates all the above allegations.

41. The Monster Parties have unlawfully been unfairly competing with Created through infringing on Creatd's trademarked intellectual property.

42. Doing so tortiously interferes with Creatd's current and/or prospective business relations.

43. The Monster Parties engaged in wrongful or unlawful means to create a harm to Creatd by, inter alia, infringing on Creatd's trademark.

44. The Monster parties have, intentionally and through wrongful acts like trademark infringement, prevented third parties, including clients and investment banks, from extending relationships with Creatd.

45. The Monster parties have thus: (1) interfered with Creatd's relationship with its clients; (2) interfering with its relationship with its employees and affiliated businesses; and (3) interfered with its relationship with its business partners.

46. Because of the foregoing, Created has already suffered a loss of business proceeds in an amount to be determined at trial, but in no event less than $1 million.

47. In addition to money damages, Created is entitled to a permanent injunction.

48. Punitive damages in the amount of $3 million should also be awarded in that the Monster Parties' conduct was intentional, malicious, and morally culpable and/or displayed wanton dishonesty implying a criminal indifference to their civil obligations.

DEFENDANT'S ANSWER AND COUNTERCLAIMS -13
(2:21-CV-1177)

LUCOSKY BROOKMAN LLP
1455 NW Leary way, Suite 400
Seattle, WA 98107
(206) 858-9400  Fax (206) 858-8201

## V. FIFTH CAUSE OF ACTION
## CIVIL CONSPIRACY

49. The Third-Party Plaintiff repeats, re-alleges, and incorporates all the above allegations.

50. The Monster Parties have unlawfully been unfairly competing with Created through infringing on Creatd's trademarked intellectual property.

51. Upon information and belief, the Third-Party Defendant Epik, Counter-Defendant Monster, and Counter-Defendant Anonymize have conspired to rid the Domain Name of the taint of infringement on its own behalf or on behalf of a third-party.

52. The Monster Parties' aforementioned acts demonstrate an agreement to commit the underlying wrongful acts described above, a number of overt acts in furtherance of this agreement, and the Monster parties' intentional participation in the furtherance of a plan or purpose.

53. Because of the foregoing, Created has already suffered a loss of business proceeds in an amount to be determined at trial, but in no event less than $1 million.

54. In addition to money damages, Created is entitled to a permanent injunction.

55. Punitive damages in the amount of $3 million should also be awarded in that the Monster Parties' conduct was intentional, malicious, and morally culpable and/or displayed wanton dishonesty implying a criminal indifference to their civil obligations.

## VI. SIXTH CAUSE OF ACTION
## UNJUST ENRICHMENT

56. The Third-Party Plaintiff repeats, re-alleges, and incorporates all the above allegations.

57. The Monster Parties have unlawfully been unfairly competing with Creatd through infringing on Creatd's trademarked intellectual property.

DEFENDANT'S ANSWER AND COUNTERCLAIMS -14
(2:21-CV-1177)

LUCOSKY BROOKMAN LLP
1455 NW Leary way, Suite 400
Seattle, WA 98107
(206) 858-9400  Fax (206) 858-8201

58. Allowing the Monster parties to acquire the Domain Name would unjustly enrich them more than they have already been unjustly enriched.

59. Here, the Monster parties have been acting as if they have the rights to Creatd's intellectual property.

60. The Monster parties have made no effort to pay Created for such use.

61. The Monster parties have been unjustly enriched, in an amount to be proven at trial, by their infringement.

62. The Monster parties have thus: (1) interfered with Creatd's relationship with its clients; (2) interfering with its relationship with its employees and affiliated businesses; and (3) interfered with its relationship with its business partners, all while benefiting from Creatd's intellectual property itself.

63. Because of the foregoing, Created has already suffered a loss of business proceeds in an amount to be determined at trial, but in no event less than $1 million.

64. In addition to money damages, Created is entitled to a permanent injunction.

65. Punitive damages in the amount of $3 million should also be awarded in that the Monster Parties' conduct was intentional, malicious, and morally culpable and/or displayed wanton dishonesty implying a criminal indifference to their civil obligations.

DEFENDANT'S ANSWER AND COUNTERCLAIMS -15
(2:21-CV-1177)

LUCOSKY BROOKMAN LLP
1455 NW Leary way, Suite 400
Seattle, WA 98107
(206) 858-9400  Fax (206) 858-8201

**PRAYER FOR RELIEF**

Wherefore, having fully answered Plaintiff's complaint and having brought counterclaims and third-party claims, Creatd, Inc. prays as follows:

1. For judgement in its favor on all its counterclaims and third-party claims;

2. For immediate transfer of the Domain Name to Creatd, Inc.

3. For monetary damages and profits, against Plaintiff/Counterclaim Defendant and Third-Party Defendant, jointly and severally, in an amount to be proven at trial, including enhanced damages as appropriate under Washington state law.

4. For Attorney's Fees;

5. For Costs and expenses;

6. For Interest; and

7. For Such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Lucosky Brookman LLP | PULLP |
| /s/ Priya Sinha Cloutier | /s/ Jonathan Uretsky |
| Priya Sinha Cloutier, WSBA #37407 | Jonathan Uretsky, NY Bar# 3895364 |
| 1455 NW Leary Way, Suite 400 | 111 Broadway, 8th Floor |
| Seattle, WA 98107 | New York, NY 10006 |
| Tel.: 206-858-8200   Fax: 206-858-8201 | Tel: 212-571-1255 |
| pcloutier@lucbro.com | uretsky@pullp.com |
| *Counsel for Defendant* | *Counsel for Defendant* |

DEFENDANT'S ANSWER AND COUNTERCLAIMS -16
(2:21-CV-1177)

LUCOSKY BROOKMAN LLP
1455 NW Leary way, Suite 400
Seattle, WA 98107
(206) 858-9400  Fax (206) 858-8201

CERTIFICATE OF SERVICE

I hereby certify that on 8 November 2021, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to all parties registered with CM/ECF.

DATED this 8th day of November 2021.

LUCOSKY BROOKMAN, LLP

　/s/ Priya Sinha Cloutier
Priya Sinha Cloutier, WSBA #37407
1455 NW Leary Way, Suite 400
Seattle, WA 98107
Tel.: 206-858-8200   Fax: 206-858-8201
pcloutier@lucbro.com
*Counsel for Defendant*

DEFENDANT'S ANSWER AND COUNTERCLAIMS -17
(2:21-CV-1177)

LUCOSKY BROOKMAN LLP
1455 NW Leary way, Suite 400
Seattle, WA 98107
(206) 858-9400  Fax (206) 858-8201