1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
7                            AT SEATTLE

8  ROBERT W. MONSTER, *et al.*,

9                    Plaintiffs,                    Case No. C21-1177-MLP

10         v.                                       ORDER

11  CREATD, INC., *et al.*,

12                    Defendants.

13

14         This matter is before the Court on Defendant/Counterclaim Plaintiff/Third-Party Plaintiff

15  Creatd, Inc.'s ("Creatd") Motion for Relief from Deadline requesting that the Court issue a

16  revised scheduling order extending the deadline for reports of expert witnesses. (Dkt. # 42 at 1.)

17  Plaintiffs/Counterclaim Defendants Robert W. Monster and Anonymize, Inc., ("Anonymize")

18  and Third-Party Defendant Epik Holdings, Inc., ("Epik") (collectively, the "Monster Parties")

19  filed an opposition. (Dkt. # 45.) Creatd did not file a reply.

20         Creatd argues it has not received responses to request for documents and interrogatories

21  from the Monster Parties in discovery to date, and therefore, Creatd's experts have been unable

22  to prepare reports. (Dkt. # 42 at 2.) As a result, Creatd argues an extension of time to file expert

23

reports is warranted due to the Monster Parties' failure to engage in timely discovery.[1] (*Id.* at 3.) Creatd represents it twice tried to contact opposing counsel to discuss the substance of this motion—on September 7, 2022, and on September 13, 2022—but did not receive a response. (*See id.* at 2; Am. Adelstein Decl. (dkt. # 44) at ¶¶ 6-7.)

The Monster Parties respond that Creatd has failed to take any discovery in this case and waited until the day before the deadline for disclosing expert witnesses to move for relief. (Dkt. # 45 at 1.) The Monster Parties therefore argue that Creatd was not diligent with discovery, never properly served discovery requests, and failed to take any depositions despite being on notice of discovery deadlines in this case. (*Id.*)

Based on the Monster Parties' submitted declaration, on July 8, 2022, it appears Creatd's local counsel emailed discovery requests to the Monster Parties' counsel, but failed to include all of the previously agreed email addresses for service under the parties' written agreement regarding email service.[2] (Linke Decl. (dkt. # 46) at ¶¶ 4-6, Ex. B.) On August 8, 2022, the Monster Parties served responses to Creatd's discovery requests with a general objection that the discovery requests had not been properly served. (*Id.* at ¶¶ 7-8, Exs. C-D.) The Monster Parties allege that Creatd never then sought to meet and confer about the Monster Parties' objections to service, nor sought to compel responses or meet and confer about doing so. (Dkt. # 45 at 3; Linke Decl. at ¶ 9.)

---

[1] Creatd asks that the Court extend the deadline for reports of expert witnesses to allow 30 days after the close of fact discovery for experts to prepare their reports, and 30 days thereafter for rebuttal expert reports. (Dkt. # 42 at 3-4.) However, Creatd's request fails to account for the deadline to file motions to exclude expert testimony for failure to satisfy *Daubert*.

[2] Creatd's local counsel, who had previously been involved in submitting the joint status report establishing the scheduling order in this case, withdrew on April 12, 2022, and new local counsel for Creatd entered notices of appearance on April 7, 2022, and on September 16, 2022. (*See* dkt. ## 20, 33-34, 41.)

ORDER - 2

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order shall not be modified except upon a showing of good cause and by leave of the Court. To establish "good cause," parties seeking modification must generally show that they cannot meet the established deadlines despite the exercise of due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance. Local Civil Rule 16(b)(6).

Here, the Court admonishes the parties for failing to substantively meet and confer before the filing of this motion with regard to Creatd's extension request or as to Creatd's discovery requests that resulted in the need for this motion. The parties are reminded that, pursuant to this Court's Chambers Procedures:

> For all cases, except applications for temporary restraining orders, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The Court construes this requirement strictly. Half-hearted attempts at compliance with this rule will not satisfy counsel's obligation. The parties must attempt to reach an accord that would eliminate the need for the motion. All motions must include a declaration by counsel briefly describing the parties' discussion and attempt to eliminate the need for the motion and the date of such discussion. Filings not in compliance with this rule may be stricken.

In addition, and in the future, the parties are further encouraged to utilize Local Civil Rule 7(i) to help eliminate the need for such motions. ("Upon the request of any party, and with the court's approval, a motion may be heard by telephone without the filing of motion papers.").

As to the request for an extension of time, the Court notes that the deadline for "non-expert discovery" expired in this case on August 15, 2022, while the deadline for "expert discovery" remains January 18, 2023. (Dkt. # 24.) Given the bifurcation of these deadlines, it appears there is significant confusion between the parties as to what discovery actually remains

eligible. (*See* dkt. ## 42 at 2 ("The deadline for all discovery is currently January 18, 2023, several months away."), 45 at 3 ("Creatd's Motion also claims that it intends . . . to seek additional factual discovery . . . [b]ut the non-expert discovery deadline already expired more than a month earlier on August 15.").) The Court therefore finds an extension of time on the expert report deadlines is appropriate given the previous expiration of the expert report deadlines in the scheduling order long before the close of all discovery and because of the resulting confusion from the previous bifurcation of discovery sought by the parties. (*See* dkt. # 20 at 3.) As a result, the Court finds good cause exists to extend the expert report deadlines in this case, allow for a brief extension of the discovery deadline due to the parties' impasse with Plaintiff's previous discovery requests, and to otherwise clarify the scheduling order.

Accordingly, finding good cause, the Court GRANTS Defendant's Motion (dkt. # 42). The Court ORDERS that the Order Setting Trial Date and Pretrial Schedule be amended as follows:

| Event | Date |
|---|---|
| TRIAL to the JURY to begin at 9:00 a.m., in Courtroom 12A on: | 6/26/2023 |
| Reports of expert witnesses under FRCP 26(a)(2) due | 1/4/2023 |
| All motions related to discovery must be filed by this date and noted for consideration no later than the third Friday thereafter (*see* LCR 7(d)) | 1/18/2023 |
| Rebuttal expert disclosures under FRCP 26(a)(2) due | 2/6/2023 |
| Discovery to be completed by | 2/20/2023 |
| All dispositive motions and motions to exclude expert testimony for failure to satisfy *Daubert* must be filed pursuant to LCR 7(d) | 3/20/2023 |
| All motions *in limine* must be filed by this date and noted on the motion calendar no earlier than the third Friday after filing but no later than the Friday before the pretrial conference (*see* LCR 7(d)(4)) | 5/23/2023 |

ORDER - 4

| | |
|---|---|
| Agreed LCR 16.1 Pretrial Order due | 6/6/2023 |
| Trial briefs, proposed voir dire and jury instructions, and trial exhibits due. See paragraph below regarding submission of exhibits | 6/16/2023 |
| Final Pretrial conference is scheduled at 1:30 p.m. in Courtroom 12A on: | 6/21/2023 |

The Clerk is directed to send copies of this Order to the parties.

Dated this 5th day of October, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5